**SCHINDLER v. UNITED STATES.**
No. 13781.

United States Court of Appeals, Ninth Circuit.
Nov. 30, 1953.

Cecil W. Collins, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Chief, Criminal Division, Manuel L. Real, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and DRIVER, District Judge.

HEALY, Circuit Judge.

In an indictment containing ten counts appellant was charged with violating Section 1461 of Title 18 of the United States Code, relating to the mailing of obscene or indecent matter. The statute declares such matter to be nonmailable, and it penalizes those who knowingly deposit the same in the mails. Upon trial appellant was acquitted on some of the counts and convicted on others, including counts nine and ten. A new trial was granted as to certain of the counts on which conviction was had, but denied as to nine and ten. The latter are thus the subject matter of this appeal.

These two counts relate to the mailing of a booklet entitled "Arabian Love Manual" and certain advertising matter giving information as to the means by which the booklet might be obtained. On the trial it was stipulated that appellant had on specified dates knowingly deposited this material in the mails, addressed to an individual at a place in Arizona.

■ In the course of the trial appellant placed an attorney on the stand and inquired of him whether he had advised appellant that in his opinion the various books involved in the mailing charges were "proper and legal." The court sustained an objection to the question, whereupon appellant offered to prove that he had in good faith consulted the attorney during the production and preparation of the books and was by him advised that they were proper and legal, and that he acted upon the advice in placing them in the mails. The court, correctly we think, rejected the offer. Probably the leading case bearing on the point is Rosen v. United States, 161 U.S. 29, 41, 16 S.Ct. 434, 438, 480, 40 L.Ed. 606. There the defendant unavailingly asked the court to instruct the jury that he should be acquitted if they entertained a reasonable doubt whether he knew that the publication he had placed in the mails was obscene. The request, said the Supreme Court, was intended to announce the proposition that a conviction under the statute could not be had unless the individual charged with violation of it knew or believed that the paper he deposited could be properly or justly characterized as obscene or lewd. "The statute," said the Court, "is not to be so interpreted." And the Court went on to observe that Congress did not intend that the question as to the character of the paper should depend upon the opinion or belief of the person who, with knowledge of its contents, assumed the responsibility of putting it in the United States mails. The authorities appear uniformly to support that view.

■ Appellant complains of the refusal of the trial court to allow him to introduce a collection of some 80 books he had used in the preparation of the material which was the subject matter of a number of the counts not presently before us. None of these 80 books appears to have been used in the preparation of "The Arabian Love Manual," the subject of counts nine and ten, hence they possessed no possible materiality. Another book, called "The Perfumed Garden," was likewise excluded although it contained source material for the Arabian Manual. However its relevancy, if any, was too slight to render its exclusion prejudicial. The primary tendency of the excluded material was to clutter up and confuse the record, and we think the exclusionary ruling was well within the discretion of the trial judge.

Complaint is made of some of the instructions but we see no error in them. Moreover no objection was timely interposed as required by Rule 30 of the Federal Rules of Criminal Procedure, 18 U. S.C.

It is claimed that the booklet "Arabian Love Manual" is not obscene under modern legal definitions of obscenity. We think otherwise. In our opinion the book is lewd and filthy by whatever standards one may appraise it. For a very recent discussion of the general subject of what constitutes obscene matter, see Besig v. United States, 9 Cir., 208 F.2d 142.

Finding no error in the record we affirm the judgment.