**Gordon SCHINDLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14547.**

United States Court of Appeals Ninth Circuit.

April 21, 1955.

Rehearing Denied May 25, 1955.

Gordon Schindler, in pro. per.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Manuel L. Real, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

## PER CURIAM.

Schindler was indicted on ten counts for sending obscene matter through the mail. At the first trial, conviction stood on Counts Nine and Ten. Appeal was taken to this Court, and the conviction was affirmed. Schindler v. United States, 208 F.2d 289, certiorari denied 347 U.S. 938, 74 S.Ct. 633, 98 L.Ed. 1088. Mistrial or new trial having been granted on all remaining counts, a second trial was had on these charges, which resulted in conviction on five counts. The sentence was for four months' imprisonment and $1,000 fine on two respective counts and probation on the remainder.

Count Two, on which there was a separate sentence, charged the depositing in the Los Angeles, California, Post Office, for mailing, of a postcard addressed to a person in Bell Gardens, California, bearing an advertisement of the obscene books. Defendant makes no point of this feature. The use of the mails in the same state constitutes an offense even if interstate commerce is not involved.

Schindler raises several questions:

It is objected that the trial court erred (a) in failing to permit the source books to be introduced in evidence, and (b) in refusing to permit J. B. Tietz, Esq., to testify on the question of intent. (c) It is claimed it was necessary for the government to prove criminal intent to warrant a conviction since obscenity was a crime at common law. (d) Defendant maintains that the Act under which he was convicted was unconstitutional, since it was an unwarranted abridgment of rights given by the First Amendment. There was no clear and present danger shown, it is said, and local obscenity laws can and do protect the public morals without further need of restraint by use of the mails. (e) Finally, defendant contends that the conviction was not sustained by the law and the evidence.

The answers are clear:

■ (a) If the accused book is drawn from a source book or a combination of sources, not themselves regarded as obscene, this circumstance does not guarantee that resulting compilation is not obscene, since in this field the manner of presentation is cardinal. There was no error in exclusion.

■ (b) The exclusion of the testimony of a lawyer as to his opinion of the intent with which defendant acted was obviously correct. See opinion in the former case, Schindler v. United States, supra.

■ (c) The jury was instructed by the court:

"In every crime there must exist a union or joint operation of act and intent. The burden is always upon the prosecution to prove both act and intent beyond a reasonable doubt."

The court also instructed that defendant must know what the content of the book was when he mailed it. But "it is not material that he, himself, did not regard such literature as obscene." This is a correct instruction.

■■ (d) The statute, 18 U.S.C.A. § 1461, under which the indictment was brought, is, and has uniformly been held to be, constitutional. "Clear and present danger" is not a test applied to police regulations in interstate commerce.

■ (e) The evidence introduced at trial has been reviewed and found clearly to establish guilt. The stipulation of facts established that defendant, upon being solicited, (1) mailed in interstate commerce advertisements and notices where, how and by what means certain of these books could be obtained, (2) mailed in interstate commerce certain of these books. The titles of some of these books are highly suggestive of obscene content, but there is no point in setting them out. The books themselves have been viewed, and they are obscene.

The former opinion of this Court covers practically every point raised here.

Affirmed.